[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11756
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60025-WPD-8


UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

versus

DENISIER JEAN-LOUIS,

                                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 15, 2015)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Denisier Jean-Louis, proceeding *pro se*, appeals the district court's denial of several motions, filed under 18 U.S.C. § 3582(c)(2), in which he requested a reduction of his sentence based on Amendment 782 to the Sentencing Guidelines. After review of the parties' briefs and the record, we affirm.

## I

Mr. Jean-Louis was convicted of conspiracy to possess 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At his sentencing hearing in November of 2009, the district court used the 2008 Sentencing Guidelines Manual to determine that, under U.S.S.G. § 2D1.1(c), Mr. Jean-Louis' base offense level was 32. The district court applied a 2-level obstruction of justice enhancement under § 3C1.1, which gave Mr. Jean-Louis a total offense level of 34. With a criminal history category of I, Mr. Jean-Louis' advisory guideline range was 151–188 months. The district court varied downward from that range, imposing the statutory minimum sentence of 10 years, or 120 months. *See* 21 U.S.C. § 841(b)(1)(A).

Mr. Jean-Louis recently moved the district court to reduce his sentence under Amendment 782, which he argued reduced his base offense level by 2 levels. The district court denied his motion because Amendment 782 did not authorize it to reduce his sentence below the 120-month statutory minimum.

2

On appeal, Mr. Jean-Louis argues that the district court erred by denying his motion to reduce his sentence.  He contends that he is entitled to a reduction in light of the advisory nature of the Sentencing Guidelines, the Department of Justice's changed policy with regard to sentencing crack cocaine offenses, the fact that he is not an American citizen and will be deported after serving his sentence, and his good behavior while in prison.

## II

"In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding . . . its authority under the Sentencing Guidelines."  *See United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (internal quotation marks and citation omitted).  A district court may reduce the prison sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  § 3582(c)(2).  *See also* U.S.S.G. § 1B1.10(a)(1) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)).  A district court's ability to reduce a defendant's sentence under § 3582(c)(2) is narrow.  *See United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).

To be eligible for a reduction, "[t]he Sentencing Commission must have amended the Sentencing Guidelines, . . . that guidelines amendment must have

lowered the defendant's sentencing range," and the amendment must also have been made retroactively applicable under U.S.S.G. § 1B1.10(c). *Berry*, 701 F.3d at 376. *See also* § 1B1.10(a)(2), (d), and cmt. n.1(A). The district court is not authorized under § 3582(c) to reduce a defendant's sentence below the amended guideline range unless the defendant's original sentence was below the guideline range because of a substantial assistance motion filed by the government. *See* § 1B1.10(b)(2)(A)–(B). Similarly, if the district court lacked the authority to impose a sentence below a mandatory minimum at the defendant's original sentencing proceeding because the government did not file a substantial assistance motion, it cannot reduce the defendant's sentence below the mandatory minimum in a § 3582(c)(2) proceeding. *See* § 1B1.10(c). *See also United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013) ("[A] reduction [under § 3582(c)(2)] is not authorized if the [retroactively applicable guideline] amendment does not actually lower a defendant's applicable guideline range because of the operation of another guideline or statutory provision, such as a statutory mandatory minimum prison term.") (internal quotation marks and citation omitted).

## III

Amendment 782, which became effective in November of 2014, provides a two-level reduction in the base offense level for most drug quantities listed in

U.S.S.G. § 2D1.1(c).  *See* U.S.S.G. app. C, amend. 782.  Amendment 782 has been made retroactively applicable under § 1B1.10(d).

Here, the district court did not err in determining that Mr. Jean-Louis was ineligible for a sentencing reduction under § 3582(c)(2) and Amendment 782.  Mr. Jean-Louis is correct that Amendment 782 lowered his base offense level from 32 to 30, and his guideline range from 151–188 months to 121–151 months.  But when the district court originally imposed Mr. Jean-Louis' sentence in November of 2009, it varied downward from the then-applicable guideline range of 151–188 months, imposing a sentence of only 120 months, which was the mandatory minimum.

The district court did not lower Mr. Jean-Louis' sentence due to a substantial assistance motion filed by the government.  And the government has not filed a motion on Mr. Jean-Louis' behalf authorizing the court now to impose a sentence below the mandatory minimum.  Thus, under § 3582(c)(2) and Amendment 782, the district court was not authorized to reduce Mr. Jean-Louis' sentence below the 120-month mandatory minimum it originally imposed.  *See* § 1B1.10(b)(2)(A)–(B), (c).

## IV

The district court's denial of Mr. Jean-Louis' motion to reduce his sentence under § 3582(c) and Amendment 782 is affirmed.

5

**AFFIRMED.**